Makcis, J.
delivered the opinion of the court.
On an alias writ of seizure and sale being taken out in this case, the defendants obtained an injunction to stay it, on the ground that they had not been allowed credit for a partial payment he had made, for the sum of eight hundred dollars. This writ was returned “ stayed by injunction.” Shortly after, a, pluries writ was obtained, the .demand having been reduced by [508] allowing the credit of eight hundred dollars claimed by the defendants. This was enjoined on an allegation that the credit had not been given to the defendants for the costs previously incurred ; that the sale had not been advertised in a newspaper printed in the city of New Orleans, and that the three days notice or demand required by law to be given before seizure, had not been given in this case. The injunction was dissolved and the dofendants appealed.
I. The alias writ of seizure having been enjoined, the plaintiff should have procured the dissolution of the injunction for the balance due after deducting the partial payment of eight hundred dollars, which he had received. He, however-, incorrectly obtained a pluries writ; but the defendants with very ill grace sought to turn the plaintiff round on account of this irregularity. They had themselves incorrectly obtained an* injunction against the whole of plaintiff’s demand, while they had only a right to enjoin but a portion of it.
II. We think with the district judge that the costs of the previous proceedings were not necessarily to be credited on the pluries executory proceedings. The plaintiff in the executory proceedings was probably chargeable with some, or even all the costs, but that fact peed not appear on the writ. It might be settled or adjusted after sale.
III. The premises seized were advertised in a newspaper printed in the parish of Jefferson, where they were situated, and the sale was to be made.
IY. The three days notice of seizure under the pluries writ is shown to have been given to the defendant by the sheriff’s return, according to the provisions of the 736th article of the Code of Practice.
The injunction was therefore properly dissolved.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.